UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL MALDONADO | CIVIL ACTION |
| VERSUS | NO. 15-6644 |
| BANKERS STANDARD INSURANCE COMPANY, ET AL. | SECTION I |

### ORDER AND REASONS

The Court has pending before it a motion[1] to remand filed by plaintiff, Paul Maldonado. The motion is opposed by defendants, Bankers Standard Insurance Company ("Bankers") and Bradley Thornton ("Thornton").[2] For the following reasons, the motion to remand is **DENIED**.

### BACKGROUND

This case arises out of a car accident in which Thornton allegedly rear-ended Maldonado. Plaintiff filed this lawsuit in Orleans Parish Civil District Court against Thornton and Bankers. Prior to filing the lawsuit, counsel for plaintiff submitted a demand letter for $400,000 to settle the matter.[3] The petition did not specifically allege that the amount in controversy exceeds $75,000.00.[4] Defendants filed an answer in state court and submitted interrogatories to plaintiff; plaintiff responded indicating that he seeks more than $75,000.00 in damages, exclusive of interest and costs.[5]

Within thirty days of receiving those interrogatory responses, defendants removed on the

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 11.
[3] R. Doc. No. 8-3.
[4] R. Doc. No. 1-2.
[5] R. Doc. No. 1-6, at 7.

1

basis of diversity jurisdiction.[6] As to the citizenship of the parties, Bankers represents that it is a Pennsylvania corporation with its principal place of business in Pennsylvania.[7] As to the citizenship of Thornton, plaintiff's petition alleged that Thornton was "domiciled in the State of Louisiana at the time of this incident."[8] In connection with the notice of removal, however, Thornton submitted a signed but unsworn statement that he is a Tulane University student temporarily residing in New Orleans, but that he maintains his domicile in Pennsylvania.[9] A second affidavit submitted in opposition to the pending motion to remand expands on those assertions and includes copies of Thornton's Pennsylvania driver's license and records from a Pennsylvania bank.[10]

## LAW & ANALYSIS

Plaintiff has now filed a motion to remand the above-captioned matter to state court on the basis of lack of subject-matter jurisdiction. Plaintiff contends that (1) Thornton's purported Pennsylvania domicile for the purposes of diversity jurisdiction is unsubstantiated or should be the subject of discovery; (2) defendants did not timely remove this matter to federal court; and (3) defendants waived removal by actions they took in state court.

**A.   Existence of Complete Diversity**

"A defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction." *Mumfrey v. CVS Pharmacy, Inc.*, 719

---

[6] R. Doc. No. 1.
[7] R. Doc. No. 1, at 3.
[8] R. Doc. No. 1-2, at 1.
[9] R. Doc. Nos. 11-1, 11-3, 11-4.
[10] Thornton's affidavit also asserts that he "paid out-of-state tuition at Tulane University based on [his] Pennsylvania citizenship." R. Doc. No. 11-1, at 2. The tuition statement attached to Thornton's affidavit does not reflect that the tuition he paid was "out-of-state," nor is it self-evident that Tulane University, a private institution, charges different tuition rates for in-state versus out-of-state undergraduate students.

F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1441(a)). The only jurisdictional basis implicated in this matter is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Id.* (citing 28 U.S.C. § 1332(a)).

The only component of diversity jurisdiction disputed by plaintiff's motion to remand is the citizenship of Thornton. If he is a citizen of Louisiana, then complete diversity is lacking and the case must be remanded; if he is a citizen of Pennsylvania, then complete diversity is present and the motion must be denied. Defendants, as the removing parties, "bear[] the burden of showing that federal jurisdiction exists and that removal was proper." *Id.*; *see also Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) ("The party invoking diversity jurisdiction bears the burden of proving that complete diversity exists.").

A person is a "citizen of a state within the meaning of" 28 U.S.C. § 1332 if they are "a domiciliary of that state," which is governed by federal common law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). "Jurisdictional matters are to be decided by the court . . . ." *Id.* at 249. "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.*

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Id.* at 250. "A change in domicile typically requires only the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely . . . ." *Id.* "In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative." *Id.* at 251. "The factors may include the places where the litigant exercises civil and political rights, pays taxes,

owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* "Additionally, statements of intent, either to remain in a previous domicile or to establish a new one, are 'entitled to little weight' if they conflict with the objective facts." *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (quoting *Coury*, 85 F.3d at 251).

The affidavits and records submitted by defendants establish that, at all relevant times, Thornton was a Pennsylvania domiciliary with Pennsylvania bank accounts and a Pennsylvania driver's license who was physically present in New Orleans to attend college and who did not intend to remain in New Orleans.[11] These factors weigh in favor of finding continued domicile in Pennsylvania, and the record is devoid of any other factors suggesting that Thornton changed his domicile to Louisiana. Plaintiff does not hint at the existence of any facts to the contrary, or suggest what jurisdictional discovery might reveal. Under these circumstances, the Court does not find that jurisdictional discovery is warranted. Accordingly, the Court finds that Thornton's domicile at the time of removal was Pennsylvania and that complete diversity exists.[12]

## B.     Timeliness of Removal

"[I]f the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it." *Mumfrey*, 719 F.3d at 397.[13] "If the initial

---

[11]R. Doc. No. 1-7; R. Doc. No. 11-1.

[12]Should facts establishing Thornton's Louisiana domicile emerge in the course of normal discovery, notwithstanding counsel's representation that "[s]uch a fishing expedition would be pointless, as all the pertinent questions have been answered," R. Doc. No. 11, at 8, the Court will take appropriate action, including remanding the case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[13]"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

pleading did not trigger the thirty-day removal clock, a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *Id.*[14]

To trigger the thirty-day removal clock, an initial pleading must include a specific allegation that damages are in excess of the federal amount. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992);[15] *see also Mumfrey*, 719 F.3d at 399. Plaintiff's initial pleading did not include that specific allegation, so the removal clock did not begin to run upon filing and service of the petition. Furthermore, plaintiff's pre-lawsuit demand letter has no bearing on the timeliness of removal of this action. *See Chapman*, 969 F.2d at 163-64.[16] Plaintiff himself recognizes that *Chapman* is on point, and he articulates no basis for the Court to disregard that controlling decision by the Fifth Circuit.[17] Accordingly, removal was timely.

**C.     Waiver**

Third, plaintiff cursorily asserts, without citation to authority, that defendants "acquiesced

---

forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

[14]"Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from wh ich it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

[15]"We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163.

[16]"The plain language of [28 U.S.C. § 1446(b)] requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Chapman*, 969 F.2d at 164.

[17]*See* R. Doc. No. 8-1, at 5-6.

5

to jurisdiction in [state court]" by issuing discovery in state court post-removal.[18] "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). Plaintiff has failed to establish a clear and unequivocal waiver of the right to remove.

## CONCLUSION

For the foregoing reasons, removal was procedurally proper and the Court has subject-matter jurisdiction. Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana, March 14, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 8-1.